TROY A. STEWART, SBN 135764
P.O. Box 390
Glendale, California 91209-0390
Telephone: (626) 616-9474
Email: stewart1985@lawnet.ucla.edu

FILED
JAN 0 4 2013
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: /s/ Deputy Clerk

Attorney for Debtor and Defendant
PETER EMANUEL KVASSAY

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PETER EMANUEL KVASSAY,<br><br>            Debtor.<br><br>―――――――――――――――<br><br>ROBERT KVASSAY, INDIVIDUALLY, AND THE KVASSAY FAMILY TRUST DATED FEBRUARY 26, 1993.<br><br>            Plaintiff,<br><br>vs.<br><br>PETER EMANUEL KVASSAY, AN INDIVIDUAL,<br><br>            Defendant. | Case No.: 2:12-bk-40267-PC<br><br>Chapter 7<br><br>Adversary No. 12-02577-PC<br><br>Hon. Peter H. Carroll<br><br>DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (FRBP 7012; FRCP 12(b)(6))<br><br>DATE:  February 19, 2013<br>TIME:   9:30 a.m.<br>PLACE: United States Bankruptcy Court<br>          Edward R. Roybal Federal Bldg.,<br>          255 E. Temple St., Courtroom 1468<br>          Los Angeles, CA 90012 |

TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY

JUDGE, PLAINTIFFS, AND PLAINTIFFS' ATTORNEY OF RECORD:

Defendant's Notice of Motion and Motion to Dismiss Claims for Nondischargeability of Debt
Pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4);
Memorandum of Points and Authorities in support thereof (FRBP 7102; FRCP 12(b)(6)) - 1

**PLEASE TAKE NOTICE** that on February 19, 2013, at 9:30 a.m., in Courtroom 1468 of the United States Bankruptcy Court located in the Edward R. Roybal Federal Building at 255 E. Temple Street, Los Angeles, California 90012, defendant PETER EMANUEL KVASSAY ("defendant") will and hereby does move the Court pursuant to FRBP 7012 and FRCP 12(b)(6) for an order dismissing the claims alleged in the complaint filed by plaintiffs ROBERT KVASSAY and THE KVASSAY FAMILY TRUST DATED FEBRUARY 26, 1993, for nondischargeability of a debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4).

As set forth in the attached Memorandum of Points of Authorities, plaintiffs' complaint fails to state a claim for nondischargeability of a debt under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4) because there are no allegations: (1) that either plaintiff relied upon any false pretense or false representation made by defendant *or* false statement concerning defendant's financial condition; or (2) of a debt for fraud or defalcation while defendant was acting in a fiduciary capacity, embezzlement, or larceny. Defendant's motion is based upon this Notice, the moving papers, the Memorandum of Points and Authorities attached hereto, the allegations of plaintiffs' complaint, the record in the case, and the parties' oral argument at the hearing on defendant's motion.

**WHEREFORE**, defendant PETER EMANUEL KVASSAY prays that the Court enter an Order dismissing plaintiffs' claims for nondischargeability of a debt under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4) with prejudice.

/

/

Defendant's Notice of Motion and Motion to Dismiss Claims for Nondischargeability of Debt
Pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4);
Memorandum of Points and Authorities in support thereof (FRBP 7102; FRCP 12(b)(6)) - 2

**LOCAL BANKRUPTCY RULE 9013-1(f) REQUIRES A WRITTEN RESPONSE TO BE FILED AND SERVED AT LEAST 14 DAYS BEFORE THE HEARING.**

Dated: January 4, 2013

                                                /s/ *(signature)*
TROY A. STEWART, Attorney for
Defendant, PETER EMANUEL KVASSAY

Defendant's Notice of Motion and Motion to Dismiss Claims for Nondischargeability of Debt
Pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4);
Memorandum of Points and Authorities in support thereof (FRBP 7102; FRCP 12(b)(6)) - 3

# MEMORANDUM OF POINTS AND AUTHORITIES

**A.    The complaint does *not* allege that defendant obtained "money, property, services, or an extension, renewal, or refinancing of credit" based on *false pretenses or false representations relied upon by either plaintiff* as required to state a claim under 11 U.S.C. § 523 (a)(2)(A)**

Under 11 U.S.C. § 523(a)(2), "[a] discharge under [11 U.S.C. § 727] ... does not discharge an individual debtor from any debt ... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by —

"(A)    false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]"

A claim under section 523(a)(2)(A) requires that the plaintiff (the creditor) relied on a false representation or false pretense made by the defendant. (See, *Field v. Mans*, 516 U.S. 59, 66 (1995); *In Goldberg Securities, Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524-525 (1992).)

The complaint alleges that defendant obtained loan proceeds of $1.5 million from *an unidentified third party lender* after he "fraudulently certified and represented himself as the Trustee of the Trust" and "Defendant knew and concealed from the lenders the material fact that he had resigned as Trustee and could no longer act on behalf of the Trust." (*See*, Complaint, 4:6-8, 14-16.)

Defendant's Notice of Motion and Motion to Dismiss Claims for Nondischargeability of Debt
Pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4);
Memorandum of Points and Authorities in support thereof (FRBP 7102; FRCP 12(b)(6)) - 4

The complaint further alleges "[t]hat, as a result of defendant's deception, Defendant received said funds and Defendant has been unable to satisfactorily account for the funds received from the loan in question." (*See*, Complaint, 4:19-21.) Finally, the complaint alleges that "Defendant did maintain payments to the Note holder until mid-2009" but that "[t]hereafter, Defendant refused to pay and the plaintiff (individually) was forced to obtain a personal loan for the same amount to prevent foreclosure of the property." (*See*, Complaint, 5:3-7.)

The complaint does *not* allege that defendant obtained any "money, property, services, or an extension, renewal, or refinancing of credit" *on the basis of any false representation or false pretense made by defendant to either plaintiff upon which either plaintiff relied.* Rather, the complaint alleges only that defendant obtained a $1.5 million loan from *an unidentified third party lender* based on an alleged false representation he allegedly made to *the unidentified third party lender.* Absent any allegations that defendant obtained any "money, property, services, or an extension, renewal, or refinancing of credit" *on the basis of any false representation or false pretense made by defendant to either plaintiff upon which either plaintiff relied*, the complaint does *not* state a claim under section 523(a)(2)(A).

/

/

/

/

/

/

Defendant's Notice of Motion and Motion to Dismiss Claims for Nondischargeability of Debt
Pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4);
Memorandum of Points and Authorities in support thereof (FRBP 7102; FRCP 12(b)(6)) - 5

**B.    The complaint does *not* allege that defendant obtained "money, property, services, or an extension, renewal, or refinancing of credit" based on *a false statement concerning defendant's financial condition that was relied upon by either plaintiff* as required to state a claim under 11 U.S.C. § 523 (a)(2)(B)**

Under 11 U.S.C. § 523(a)(2), "[a] discharge under [11 U.S.C. § 727] ... does not discharge an individual debtor from any debt ... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ...

"(B)    use of a statement in writing —

(i)    that is materially false;

(ii)    respecting the debtor's or an insider's financial condition;

(iii)    on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv)    that the debtor caused to be made or published with the intent to deceive[.]"

The complaint does *not* allege that defendant obtained any "money, property, services, or an extension, renewal, or refinancing of credit" *on the basis of a written statement that falsely represented his financial condition that was relied upon by either plaintiff*. Rather, the only allegations in the complaint concerning any written statement are that plaintiffs were damaged by the

Defendant's Notice of Motion and Motion to Dismiss Claims for Nondischargeability of Debt
Pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4);
Memorandum of Points and Authorities in support thereof (FRBP 7102; FRCP 12(b)(6)) - 6

"use of statements in writing holding forth defendant as successor trustee of plaintiff Trust to the actual detriment of the initial lender and plaintiffs, that the debtor caused to be made or published with intent to deceive ...."

(*See*, Complaint, 6:22-25.) There are no allegations in the complaint that either plaintiff relied upon any written statement concerning defendant's financial condition. Absent any allegations that defendant obtained any "money, property, services, or an extension, renewal, or refinancing of credit" *on the basis of a written statement that falsely represented his financial condition that was relied upon either plaintiff,* the complaint does *not* state a claim under section 523(a)(2)(B).

### C.   The complaint does *not* allege a debt *for fraud or defalcation while defendant was acting in a fiduciary capacity or embezzlement or larceny* as required to state a claim under 11 U.S.C. § 523 (a)(4)

Under 11 U.S.C. § 523(a)(4), "[a] discharge under [11 U.S.C. § 727] ... does not discharge an individual debtor from any debt ... for fraud or defalcation *while acting in a fiduciary capacity, embezzlement, or larceny*[.]" (*Italics* added.) In the context of section 523(a)(4), "the fiduciary relationship must be one arising from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt." (*Lewis v. Scott* (*In re Lewis*), 97 F.3d 1182, 1185 (9th Cir. 1996).) " 'In the context of section 523(a)(4), the term "defalcation" includes innocent, as well as intentional or negligent defaults so as to reach the conduct of all fiduciaries who were short in their accounts.' " (*In re Lewis, supra*, 97 F.3d at 1186 [citing *In re Baird*, 114 B.R.

Defendant's Notice of Motion and Motion to Dismiss Claims for Nondischargeability of Debt
Pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4);
Memorandum of Points and Authorities in support thereof (FRBP 7102; FRCP 12(b)(6)) - 7

198, 204 (9th Cir. BAP 1990)].)

The complaint alleges that "Defendant fraudulently certified and represented himself as the Trustee of the Trust when, in reality, defendant was not the Trustee of the Trust[ ]" and Defendant made these false representations deliberately in order to obtain the loan proceeds of $1,500,000.00 secured against the Trust property." (*See*, Complaint, 4:6-11.) The complaint further alleges that "Defendant knew and concealed from the lenders the material fact that he had resigned as Trustee and could no longer act on behalf of the Trust." (*See*, Complaint, 4:14-16.) The allegations of the complaint plainly and clearly state that defendant was *not* the true trustee of the "Trust." Thus, plaintiffs deny that defendant was acting in a "fiduciary capacity" as required to state a claim under section 523(a)(4) "for fraud or defalcation *while acting in a fiduciary capacity.*"

Embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come. (*In re Bucci*, 493 F.3d 635, 644(6th Cir. 2007); *In re Miller*, 156 F.3d 598, 602 (5th Cir. 1998).) As stated, the complaint alleges that defendant obtained a $1.5 million loan based on *a false representation to an unidentified third party lender* that he was a trustee of a "Trust." (*See*, Complaint, 4:6-11, 14-16.) Thus, plaintiffs deny that the alleged $1.5 million loan was entrusted to or lawfully in the possession of defendant as required to state a claim for embezzlement under section 523(a)(4).

A claim under section 523(a)(4) may be based on allegations of larceny. The complaint does *not* allege a claim under section 523(a)(4) based on any allegations that defendant committed larceny.

Defendant's Notice of Motion and Motion to Dismiss Claims for Nondischargeability of Debt
Pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4);
Memorandum of Points and Authorities in support thereof (FRBP 7102; FRCP 12(b)(6)) - 8

### D.   Conclusion

Based on the foregoing points and authorities, defendant PETER EMANUEL KVASSAY respectfully requests that the Court enter an Order dismissing plaintiffs' claims for nondischargeability of a debt under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4) with prejudice.

DATED: January 4, 2013

_____
TROY A. STEWART, Attorney for
Defendant, PETER EMANUEL
KVASSAY

Defendant's Notice of Motion and Motion to Dismiss Claims for Nondischargeability of Debt
Pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4);
Memorandum of Points and Authorities in support thereof (FRBP 7102; FRCP 12(b)(6)) - 9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
P.O. Box 390, Glendale, California 91209-0390

A true and correct copy of the foregoing document entitled (*specify*): Defendant's Notice of Motion and Motion to Dismiss Claims for Nondischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4); Memorandum of Points and Authorities in Support Thereof (FRBP 7102; FRCP 12(b)(6))

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __01/04/2013__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Richard R. Clements, Law Offices of Richard R. Clements, 1154 E. Wardlow Road, Long Beach, CA 90807
Office of the United States Trustee, 725 So. Figueroa St., Suite 2600, Los Angeles, CA 90017

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __01/04/2013__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge Peter H. Carroll, Edward R. Roybal Building and Courthouse, 255 E. Temple Street, Bin outside Suite 1460, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/04/2013 | Troy A. Stewart | *signature* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE