1  RICHARD R. CLEMENTS, Bar No. 30849
   LAW OFFICES OF RICHARD R. CLEMENTS
2  1154 East Wardlow Road
   Long Beach, California 90807
3  Telephone: (562) 424-7919
   Facsimile: (562) 424-0559
4
   Attorney for Plaintiffs,
5  ROBERT KVASSAY and THE KVASSAY FAMILY TRUST

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         CENTRAL DIVISION

11

12  In re                              )    Case No. 2:12-bk-40267-PC
    PETER EMANUEL KVASSAY,             )    Chapter 7
13                                     )
           Debtor.                     )    Adversary No. 12-02577-PC
14  _____  )
                                       )    Hon. Peter H. Carroll
15  ROBERT KVASSAY, INDIVIDUALLY,      )
    AND THE KVASSAY FAMILY TRUST       )    **FIRST AMENDED COMPLAINT**
16  DATED FEBRUARY 26, 1993,           )    **FOR NONDISCHARGEABILITY OF**
                                       )    **DEBT PURSUANT TO 11 U.S.C. §§**
17            Plaintiffs,              )    **523(a)(4) and 523(a)(6)**
    vs.                                )
18                                     )    Action Filed: 11/30/2012
    PETER EMANUEL KVASSAY, AN          )    Status Hearing: 02/19/13
19  INDIVIDUAL,                        )    Trial Date:    None Set
                                       )
20            Defendant.               )
21  _____  )

22        Plaintiffs, The Kvassay Family Trust dated February 26, 1993, and Robert Kvassay,

23  Individually and as Successor Trustee of said Trust, pursuant to 11 U.S.C. 523(a) and Bankruptcy

24  Rules 4007 and 7701(6) of the Federal Rules of Bankruptcy Procedure, complain as follows:

25                              JURISDICTION

26        1.  At all relevant times, Plaintiff Trust has been and is a trust duly organized and existing

27  under the Law of the State of California.

28  ///

           **FIRST AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF DEBT**

2.  Plaintiff Robert Kvassay is a resident of Covina, California, and, on or about January 12, 2007, pursuant to the terms of said Trust, became the duly authorized and acting Successor Trustee of the Trust;

3.  On September 5, 2012, the Debtor filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code and the Debtor's case was assigned the above number 2:12-bk-40267-PC (the "Case").

4.  This is an adversary proceeding brought in the case by Plaintiffs pursuant to 11 U.S.C. § 523(a).  This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

5.  The above-captioned Bankruptcy Court has jurisdiction over the subject matter raised in this complaint pursuant to 28 U.S.C. § 1334.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

6.  The Debtor may be properly served at 1035-C Westminster Avenue, Alhambra, California 91803 (the address on Debtor's bankruptcy proceedings).

FACTUAL ALLEGATIONS

7.  That, in February 1993, Plaintiff Trust was established by Emanuel Kvassay and Maria Kvassay (Trustors), husband and wife, naming themselves or their survivor as initial Trustors.

8.  The Trust also designated as successor trustees (in Section 6.16 thereof), the Trustors' son and Defendant Peter Kvassay as the initial successor trustee and the trustors' son, Plaintiff Robert Kvassay, as the alternate successor trustee.

9.  Trustee Maria Kvassay died April 22, 2001 and surviving Trustee Emanuel Kvassay died October 11, 2006. As a result, as directed by the terms of the Trust, Defendant became the successor trustee of the Trust.

10.  Thereafter, on January 12, 2007, Defendant resigned as successor trustee to the Trust by executing "Resignation of Successor Trustee To The Kvassay Trust Dated February 26, 1993" ("Resignation") which states "I, Peter Kvassay, decline my position to serve as Successor Trustee. I further understand and acknowledge that Robert Kvassay will now serve as successor Trustee, and that he and only he shall be responsible to execute and fulfill all of the trust provisions". A true and correct copy of the Resignation is attached hereto, and incorporated by

1  reference by this reference as Exhibit "A".  The Resignation is signed by Defendant and
2  notarized.

3      11. That, at the time that Plaintiff Robert Kvassay commenced his duties as successor
4  trustee, the properties were in a state of extreme dilapidation, need for deferred maintenance, and
5  repair, caused by waste committed by Defendant.  That, as a result, Plaintiff has expended
6  hundreds of thousands of dollars of his own personal funds in improving and repairing the Trust
7  property (for which Plaintiff has not been reimbursed).

8      12. That, in July 2007, although Defendant had resigned from his position as Successor
9  Trustee of the Trust, he thereafter represented himself as the fiduciary and Trustee of the Trust in
10 order to obtain a loan against the property owned by the Trust.  A true and correct copy of the
11 Loan Agreement is attached hereto, is marked Exhibit "B", and is incorporated herein by this
12 reference.

13     13. Additionally, at the approximate same time on July 3, 2007, Defendant executed a
14 Note Secured by Deed of Trust ("Note") with a principal amount of $1,500,000.00 secured by a
15 Deed of Trust and Assignment of Rents on the property.  A true and correct copy of the Note is
16 attached hereto , is marked as Exhibit "C", and incorporated herein by this reference.

17     14. For both the Loan Agreement and the Note, Defendant fraudulently certified and
18 represented himself as the fiduciary and Trustee of the Trust when, in reality, defendant was not
19 the fiduciary and Trustee of the Trust.  Defendant made these false representations deliberately in
20 order to obtain the loan proceeds of $1,500,000.00 against the Trust property.  Defendant had no
21 right to sign on behalf of the Trust as he was no longer the Trustee of the Trust.

22     15. Defendant suppressed and concealed material facts which he had a duty to disclose.
23 In particular, Defendant knew and concealed from the lenders the material fact that he had
24 resigned as Trustee and could no longer act on behalf of the Trust.  Defendant had a further duty
25 as a beneficiary of the trust to disclose these material facts to Robert Kvassay, the true fiduciary.

26     16. That, as a result of Defendant's deception, Defendant received said funds and
27 Defendant has been unable to satisfactorily account for the funds received from the loan in
28 question.

**FIRST AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF DEBT**        Page 3

17.    That Plaintiffs were totally unaware of Defendant's actions alleged above. Defendant's acts were done fraudulently with a conscious disregard for his fiduciary and common law duties to Plaintiffs and with a conscious disregard for the severe consequences these acts have caused such that punitive and exemplary damages should be awarded against Defendant.

18.    That the Trustee discovered the fraudulent loan six (6) months later, approximately around February 2008, and demanded turnover of the funds and an accounting (to no avail) and unsuccessfully attempted to recoup the moneys from Defendant. Defendant did maintain payments to the Note holder until mid-2009. Thereafter, Defendant refused to pay and the Plaintiff (individually) was forced to obtain a personal loan for the same amount to prevent foreclosure of the property.

19. That thereafter, Defendant (who was residing on the property) continued to attempt to block the attempts of Plaintiffs to repair the property (at Plaintiff Robert Kvassay's personal expense), continued to commit acts of waste, and to physically block the attempts of Plaintiffs' contractors. The harassment and tortious conduct of Defendant was so egregious that Plaintiff Robert Kvassay was compelled, on May 7, 2010, to initiate proceedings seeking the eviction of Defendant, as well as seeking the accounting, and seeking to charge Defendant's share of the Trust for the damages occasioned and caused by Defendant's larceny, conversion, and waste.

20. That, by Court Order, Defendant has been evicted from the premises. That, on the eve of Trial in the State Court Proceedings re accounting. Defendant filed these instant proceedings. That Plaintiffs have duly moved, in this Court, for an order lifting the automatic stay, which this court has granted by its conditional order.

FIRST CAUSE OF ACTION

(BREACH OF FIDUCIARY DUTY; LARCENY)

11 U.S.C. § 523(a)(4)

21. Plaintiffs hereby incorporate each of the foregoing paragraphs to the same extent as though fully set forth herein.

22. On or about July 3, 2007, Plaintiffs had the immediate right of possession of certain property consisting of the $1,500,000.00 loan taken out by Defendant. Thereafter, Defendant

**FIRST AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF DEBT**      Page 4

1 | Kvassay converted the above-described property to his own use.

2 |     23. That said conduct alleged above is larceny pursuant to 11 U.S.C. 523(a)(4) in that it
3 | constituted a fraudulent taking of Plaintiffs' property with the intent on the part of Defendant to
4 | convert the property to his own use without Plaintiffs' consent.

5 |     24. That Defendant's concealment of material facts and conversion as alleged in
6 | paragraphs 14-16 and 22 above constituted fiduciary misconduct in that he engaged in fraud and
7 | defalcation toward Plaintiffs as beneficiaries of the Trust due to the above non-disclosure and
8 | misappropriation of funds while acting in a fiduciary capacity as a beneficiary of an express trust.

9 |     25. That, as a result of Defendant's breach of fiduciary duty, fraudulent conduct, lies, and
10 | misappropriation of funds when received, Plaintiffs have been damaged in the sum of
11 | $1,500,000.00, together with those funds expended by plaintiff Robert Kvassay to avoid and
12 | avert foreclosure.

13 |     26. The aforementioned acts of Defendant were willful, wanton, malicious, oppressive,
14 | and were undertaken with the intent to injure and justify an award of exemplary and punitive
15 | damages.

16 | SECOND CAUSE OF ACTION

17 | (WILLFUL AND MALICIOUS INJURY)

18 | 11 U.S.C. § 523(a)(6)

19 |     27. Plaintiffs incorporate by this reference paragraphs 1 through 26 above as if set forth
20 | in full.

21 |     28. Pursuant to the Trust, Plaintiff Trust had clear legal ownership and right to
22 | possession of the property. Defendant wrongfully misappropriated part of the property for his
23 | own benefit to Plaintiffs' detriment.

24 |     29. Defendant further wilfully interfered with Robert Kvassay's possession of the
25 | property, as successor trustee, not only converting said funds as an act of willful and malicious
26 | conversion but also intentionally committing acts of waste, to be established at the time of trial of
27 | this matter.

28 |

30. That, as a result of Defendant's willful misappropriation of property and waste, Plaintiffs have been damaged in a sum according to proof.

31. The aforementioned acts of Defendant were wilful, wanton, malicious, oppressive, and were undertaken with the intent to injure and justify an award of punitive damages.

### PRAYER

WHEREFORE, Plaintiffs seek Judgment as follows:

A. For Judgment pursuant to 11 U.S.C. § 523(a)(4) denying the dischargeability of debtor's liability to Plaintiffs for breach of fiduciary duty and larceny of funds as stated in the sum of $1,500,000.00, together with those funds expended by Plaintiff Robert Kvassay to avoid and avert foreclosure;

B. For Judgment pursuant to 11 U.S.C. § 523(a)(6) denying the dischargeability of Defendant's liability to Plaintiffs for the willful and malicious actions of Defendant as pleaded and as according to proof;

C. For Judgment pursuant to 11 U.S.C. 523(a)(6) denying the dischargeability of Defendant's liability to Plaintiffs for Defendant's acts of willful waste according to proof;

D. For damages, occasioned by the above, against Defendant by way of example pursuant to California Probate Section 859 for twice the value of the damage occasioned;

E. For punitive damages against Defendant, and for treble damages for the amounts Defendant has misappropriated pursuant to California Civil Code Section 3294(a) ;

F. For attorney's fees and costs of suit incurred herein as additional damages; and

G. Any and all further relief that the Court deems appropriate.

Date: January 22, 2013                    LAW OFFICES OF RICHARD R. CLEMENTS


By: _____
RICHARD R. CLEMENTS
Attorney for Plaintiffs
ROBERT KVASSAY and
THE KVASSAY FAMILY TRUST

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1154 E. Wardlow Rd., Long Beach, California 90807.

On the below-stated date, I served the foregoing document described as:

FIRST AMENDED COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C.§§523(a)(4) AND 523(a)(6)

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED LIST

/XX/  (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California.
      Executed on _____ January 24_____, 2013 at Long Beach, California 90807.

/XX/  (BY NEF) Notice of Electronic Filing on _____ January 24__, 2013

.

### SEE ATTACHED LIST

/___/  (BY EXPRESS SERVICE/FEDERAL EXPRESS) I caused such envelope to be delivered
       by:        /__/ Federal Express        /__/ Express Mail Service to the offices of
       the addressee.
       Executed on _____, 20__, at Long Beach, California 90807

/___/  (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the
       offices of the addressee.
       Executed on _____ _____, 20__, at Long Beach, California.

/___/  (BY FACSIMILE) I caused such document to be transmitted via facsimile from this
       office to the offices of the addressee.
       Executed on _____ _____, 20__, at Long Beach, California.

/___/  (STATE) I declare under penalty of perjury under the laws of the State of California that
       the above is true and correct.

/XX/  (FEDERAL) I declare that I am employed in the office of a member of the bar of this
      Court at whose direction this service.

Signed: Michelle Hutchinson

SERVICE LIST

SERVICE BY NEF:

United States Trustee
ustpregion16.la.ecf@usdoj.gov

Timothy Yoo (TR)
tjytrustee@lnbrb.com, tyoo@ecf.epiqsystems.com

SERVICE BY MAIL:

Peter Emanuel Kvassay
1035-C Westminster Ave.
Alhambra, CA 91803

Troy A Stewart on behalf of Debtor Peter Kvassay
P.O. Box 390
Glendale, CA 91209-0390