```
 1                    UNITED STATES BANKRUPTCY COURT

 2            CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

 3                              --oOo--

 4  In Re:                            ) Case No. 2:12-bk-40267-DS
                                      )
 5  PETER EMANUEL KVASSAY,            ) Chapter 7
                                      )
 6  Debtor,                           ) Los Angeles, California
                                      ) Thursday, November 19, 2015
 7  ------------------------------X     2:00 P.M
    KVASSAY,                          )
 8                                    )
                Plaintiff,            )
 9                                    )
                v.                    ) Adv. No. 2:12-ap-02577-DS
10                                    )
    KVASSAY,                          )
11                                    )
                Defendant.            )
12  ------------------------------X

13                                      CONTINUED HEARING RE: [127]
                                        PLAINTIFF'S MOTION IN LIMINE
14                                      NUMBER 5 FOR SUMMARY
                                        ADJUDICATION OF THE FACT THAT
15                                      DEFENDANT "STOLE" FROM THE
                                        TRUST
16
                                        CONTINUED PRETRIAL CONFERENCE
17                                      RE: [1] ADVERSARY CASE
                                        2:12-ap-02577. COMPLAINT BY
18                                      ROBERT KVASSAY AGAINST PETER
                                        EMANUEL KVASSAY, FRUAD AS
19                                      FIDUCIARY, EMBEZZLEMENT,
                                        LARCEY)), (62
20                                      DISCHARGEABILITY - 523(a),
                                        FALSE PRETENSES, FALSE
21                                      REPRESENTATION, ACTUAL
                                        FRAUD)), (65
22                                      (DISCHARGEABILITY - OTHER)),
                                        (68 (DISCHARGEABILITY -
23                                      523(a)(6), WILLFUL AND
                                        MALICIOUS INJURY))
24
    Proceedings produced by electronic sound recording;
25  transcript produced by transcription service.
```

```
 1                                    CONTINUED HEARING RE: [140]
                                      PLAINTIFF'S MOTION FOR
 2                                    PARTIAL SUMMARY ADJUDICATION
                                      OF LARCENY AND CONVERSION
 3                                    CLAIMS UNDER 11
                                      U.S.C.§523(a)(4), (6)
 4
                                      CONTINUED HEARING RE: [119]
 5                                    PLAINTIFF'S MOTION IN LIMINE
                                      NUMBER 4 FOR AUTHENTICATION
 6                                    OF DUPLICATE DOLCUMENTS

 7                                    CONTINUED HEARING RE: [118]
                                      PLAINTIFF'S MOTION IN LIMINE
 8                                    NUMBER 3 - TO DEEM ADMITTED
                                      DOCUMENTS SIGNED BY THE
 9                                    DEBTOR/DEFENDANT

10              TRANSCRIPT OF TELEPHONIC PROCEEDINGS
             BEFORE THE HONORABLE DEBORAH SALTZMAN
11                UNITED STATES BANKRUPTCY JUDGE

12  APPEARANCES:

13  For the Plaintiff:        RICHARD R. CLEMENTS, ESQ.
                              MATTHEW BROWN, ESQ.
14                            MARK RUSSAKOW, ESQ.
                              LISA TAN, ESQ.
15                            Russakow Greene & Tan, LLP
                              800 East Colorado Boulevard
16                            Pasadena, California 91101

17                            DIANNA HECK, ESQ.
                              Law Office of Dianna Heck
18                            28562 Oso Parkway D-324
                              Rancho Santa Margarita,
19                              California  92688

20  Court Recorder:           Gabriela Huerta
                              U.S. Bankruptcy Court
21                            Central District of California
                              Edward R. Roybal Federal Building
22                              and Courthouse
                              255 East Temple Street, Room #1639
23                            Los Angeles, California  90012
                              (855) 460-9641

24

25
```



```
 1  Court Transcriptionist:   Ruth Ann Hager, C.E.T.**D-641
                              Ben Hyatt Certified Deposition
 2                              Reporters
                              17835 Ventura Boulevard, Suite 310
 3                            Encino, California  91316
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page                                                                    4

1        LOS ANGELES, CALIFORNIA, THURSDAY, NOVEMBER 19, 2015
2                              2:31 P.M.
3                              --oOo--
4            THE COURT:  All right.  Thank you, Operator.  It
5    is now 2:30.  We are back on the record for our 2:00
6    o'clock hearing.  We have been waiting since 2:00 o'clock
7    for Mr. Stewart, counsel for the defendant.  He was
8    informed obviously at our last hearing that this would be a
9    telephonic-only hearing and at 2:00 o'clock he actually
10   called the courtroom saying that he was running late
11   shortly before 2:00 o'clock and was told that this was a
12   telephonic hearing and that he was to call into CourtCall
13   immediately.  He apparently hasn't done so, so I think we
14   will go forward.
15           Why don't we begin again with appearances and
16   we'll go from there?
17           MR. CLEMENTS:  Yes, Your Honor. Richard R.
18   Clements on behalf of plaintiff.
19           THE COURT:  Good afternoon again.
20           MS. HECK:  Dianna Heck -- oh, excuse me.  Dianna
21   Heck appearing on behalf of plaintiff.
22           THE COURT:  Good afternoon again.
23           MR. BROWN:  And Matthew Brown, Mark Russakow and
24   Lisa Tan on behalf of Robert Kvassay, who's also present on
25   the phone.

Page                                                                 5

```
 1            THE COURT:  Okay.  Good afternoon.
 2            My intention was to use this obviously as an
 3  opportunity to rule on the pending motion and then to deal
 4  with things at the pretrial conference so we could set a
 5  trial date for all remaining issues to be tried.
 6  Unfortunately, I don't think that's going to be possible
 7  without counsel for the defendant.  I am in a position,
 8  though, to issue the ruling.  Counsel can order a
 9  transcript if he's interested in hearing the detailed
10  reasoning behind the ruling, but I don't see any reason to
11  keep counsel waiting any longer and we'll just have to set
12  an additional pretrial conference at another date to
13  similar logistical matters.
14            But in any event, let's just talk first about the
15  summary judgment motion, which I think is the main motion
16  that was on calendar.  This is the plaintiff's motion for
17  summary judgment on both the 523(a)(4) larceny claim and
18  the 523(a)(6) cause of action based on willful and
19  malicious injury.  The contention of the motion is that the
20  findings of the LA Superior Court in case number BP122477,
21  this is referred to in the papers as a probate case.  Those
22  findings are preclusive as to both the 523(a)(4) and
23  523(a)(6) cause of action.
24            What I want to do, though, is first deal with the
25  issue raised by the defendant in the papers and at the
```

Page                                                                    6

1  hearing and that is the contention that the state court
2  judgment is void as a violation of the discharge
3  injunction.
4         This argument by the defendant is a real
5  misunderstanding of the basic concept of bankruptcy law and
6  that is the discharge and the discharge injunction.  Now,
7  the very Code section cited in the defendant's brief, as
8  well as read on the record at the hearing by the defendant,
9  reveal the problem with the defendant's argument.
10         Section 524(a)(1) provides that a discharge in
11 the case under this title avoids any judgment at any time
12 obtained to the extent that such judgment is a
13 determination of the personal liability of the debtor with
14 respect to any debt discharged under Section 727 and so on.
15 Section 524(a)(2) goes on to say that:
16      "The discharge operates as an injunction against
17       the commencement or continuation of an action,
18       employment process or an act to collect, recover or
19       offset any such debt as the personal liability of the
20       debtor."
21         The key notion of Section 524 is that it refers
22 to a dischargeable debt.  A non-dischargeable debt is not
23 subject to the discharge injunction.  This is basic Ninth
24 Circuit law.  The *Barre* case I think is one of the main
25 decisions.  The *DS* case in the Eleventh Circuit also is a

Page 7

1 very useful discussion that the discharge injunction only
2 applies to dischargeable debt.
3           Now, the language in Section 523 of the
4 Bankruptcy Code is also quite clear as to what the
5 discharge and the discharge injunction by extension applies
6 to.  Section 523(a) provides that a discharge under Section
7 727 of this title does not discharge an individual debtor
8 from any debt and then goes on to enumerate the variety of
9 debts that are not discharged and that, of course, includes
10 steps that are not dischargeable under Section 523(a)(4)
11 and 523(a)(6).
12          Now, in this case there was a timely action under
13 Section 523 to determine the liability -- the
14 dischargeability of the debt owed to the plaintiff for the
15 discharge and the discharge injunction do not apply to
16 those debts.  So the argument that an action in state court
17 that was properly brought, that was properly continued
18 after seeking and receiving relief from the automatic stay,
19 that somehow this action violates the discharge injunction
20 again is a basic misunderstanding of bankruptcy law.
21          Now, this point is made even more clear in the
22 discharge order for the debtor in this case.  And if we
23 look at docket number 36 in this case, this is the order
24 discharging the debtor, the order states:
25          "The debtor is granted a discharge under

1      Section 727, Title XI, United State Code, the

2      Bankruptcy Code."

3           The order goes on to say in all capitals, "See

4  the back of this order for exception."  You turn to the

5  back of the discharge order and we see a heading that says,

6  "Debts that are not discharged."  And line (h):

7           "The type of debt that is not discharged includes

8      debts of the Bankruptcy Court under Section 523 of the

9      Bankruptcy Code or other applicable law specifically

10     has decided or will decide in this bankruptcy case are

11     not discharged."

12          There is no question that the debts in this case

13 that are subject to the dischargeability proceeding were

14 not discharged by the 2013 discharge of the debtor.  That's

15 why we're here.  And it's the defendant's argument were

16 correct, pretty much every action under Section 523 of the

17 Bankruptcy Code would be useless, because in most cases the

18 discharge is granted before the ultimate determination of a

19 pending dischargeability action.

20          Now, I want to also make clear, as I alluded to

21 before, that the probate case is entirely proper as it

22 relates to the bankruptcy case.  The plaintiff received

23 relief from the automatic stay to pursue the action and the

24 timing of the discharge before the conclusion of the state

25 law action is irrelevant because there was a pending

```
Page                                                                    9
 1  Section 523 dischargeability action.  The discharge did not
 2  apply to the debt at issue in the state court proceeding
 3  and there could be no violation of the discharge
 4  injunction.
 5           Now, there's a very similar case that was
 6  recently decided by the Ninth Circuit Bankruptcy Appellate
 7  Panel.  It's a published decision, but because the case is
 8  so recent, I don't have a citation in the Bankruptcy
 9  Reporter, but the case is Lakhany.  That's spelled L-A-K-H-
10  A-N-Y, versus Khan, K-H-A-N, and this is BAP case number
11  14-1586.
12           And in the Lakhany case, there was a very similar
13  situation to what we have in this case and the defendant
14  there argues, as the defendant does here and I will quote
15  here:
16           "Defendant contends that the exclusive
17       jurisdiction of the Bankruptcy Court can determine
18       dischargeability somehow bars establishing the
19       predicate facts for that determination in a state
20       court or presumably any other non-bankruptcy forum.
21       This is a fundamental misunderstanding.  Bankruptcy
22       courts regularly make non-dischargeability
23       determinations via issue preclusion on facts
24       determined elsewhere."
25           And the Bankruptcy Appellate Panel goes on to
```

1  cite *Grogan v. Garner*, the seminal Supreme Court case, on
2  the applicability of issue preclusion and a
3  dischargeability action.  And there, as here, I think it is
4  clear that:
5       "The defendant has a fundamental misunderstanding
6       of the extent of the discharge and the discharge
7       injunction as it relates to a debt that is the subject
8       of a pending dischargeability proceeding and is also
9       subject to a pending state law cause of action that
10      was properly brought and properly continued through an
11      action for relief from the automatic stay.  The
12      judgment of the state court is not void and this court
13      may examine that judgment for whether collateral
14      estoppel applies."
15          So now I'm going to turn to the second set of
16 arguments that were made in the papers whether collateral
17 estoppel applies with respect to the state court judgment.
18 Now, there are several factors that need to be met when the
19 Bankruptcy Court is to determine whether states -- whether
20 collateral estoppel applies as to the findings of the state
21 court proceeding.  And California law, which is what is to
22 be applied here, outline several elements that must be
23 found.
24          First, the issue to be precluded must be
25 identical to the issue decided in a prior proceeding;

Page 11

1  second, the issue must have been actually litigated in the
2  prior proceeding; third, it must have been necessarily
3  decided in the prior proceeding; fourth, the decision in
4  the prior proceeding must be final and on the merits; and
5  finally, the party against whom preclusion is sought must
6  be the same as or in privy with the party to the former
7  proceeding.
8         Now, here we have an assertion from the plaintiff
9  that the state court's findings should be given preclusive
10 effect as to both larceny and conversion and that this
11 satisfies both the Section 523(a)(4) cause of action for
12 larceny and also the 523(a)(6) cause of action with respect
13 to willful and malicious injury.
14         I simply don't see in the state court findings,
15 findings adequate to be a preclusive effect on either of
16 these causes of action.  Conversion and larceny were not
17 the issues before the Probate Court and the findings of the
18 Probate Court don't establish -- don't support findings
19 with respect to all of the elements of larceny or
20 conversion that would allow this Court to give them
21 preclusive effect.
22         And in particular, I want to point out that the
23 findings that are pointed issues by the plaintiff and the
24 court says, however, take judicial notice of the entire
25 statement of decision by the state court and I have

```
     Page                                                                   12
 1   certainly reviewed all of the findings made by the state
 2   court, the findings in that decision -- first of all, the
 3   ones that were highlighted and, in fact, really most of the
 4   findings are with respect to intentional acts not by this
 5   defendant but by Richard Kvassay.  And the findings that
 6   are specific with respect to Peter Kvassay don't establish
 7   any element of intent, which is required both from
 8   523(a)(4) and 523(a)(6).  They simply use language that
 9   Richard used here and that doesn't establish they required
10   an intent either for larceny or conversion.
11           So ultimately, I do not see that the Probate
12   Court statement of decision is adequate to be given
13   preclusive effect, both for the 523(a)(4) claim or for the
14   523(a)(6) claim.  So for that reason, the motion is denied
15   so that the court will enter an order denying that motion.
16           We also have two pending motions *in limine*.
17   Well, we have three pending motions *in limine*.  The first,
18   which is matter #1.00 on our calendar, that is the motion
19   that is essentially identical to the summary judgment
20   motion and that actually should have been taken off
21   calendar at some point.  It just wasn't, so that motion is
22   denied.
23           We also have a motion *in limine* number three and
24   motion *in limine number four.*  And I really think that both
25   of those motions are efforts to address potential
```

Page 13

1  evidentiary objections that could be made by the defendant
2  at trial.  So I don't think that they're appropriate for
3  motions *in limine*.  If there is an objection made at trial
4  with respect to the various documents certainly there will
5  be argument at trial and the Court will make a
6  determination at that point.
7         And then with respect to the various statements
8  that were made in the defendant's admitted facts in one of
9  the earlier pretrial documents filed by the defendants, it
10 just doesn't appear to me that there's any basis under Rule
11 403 of the Federal Rules of Evidence or really any other
12 basis to exclude any evidence on these issues, you know, at
13 this time.
14         At a future date at trial the plaintiff certainly
15 could ask the Court to take judicial notice of any
16 documents that the defendant has filed with the Court to
17 the extent that at trial the defendant attempts to make any
18 different statements.  So certainly those documents are
19 available for impeachment, but at this point it doesn't
20 seem that this is appropriate for a motion *in limine*, so
21 that motion is also denied.
22         We were supposed to have a pretrial conference
23 today, but with one party I don't think that that's
24 possible.  Mr. Clements, I would like to set a pretrial
25 conference relatively soon so that we can select a trial

```
      Page                                                              14
 1   date.  There's going to be several days needed for this
 2   trial.  Do you have any -- my last available date for a
 3   pretrial conference would be December 15th.  If that is a
 4   good date for you, we can do it then.  Otherwise, we would
 5   be into January.  January 5th, January 12th would be the
 6   next two available dates.  Do you have a preference?
 7              MR. CLEMENTS:  If I may check, Your Honor.
 8              THE COURT:  Sure.  Go ahead.
 9              MR. CLEMENTS:  With my non-digital calendar.  At
10   what time, Your Honor?
11              THE COURT:  Let's see.  It would be 2:00 o'clock.
12   My suggestion is to do one of the January dates so that
13   then Mr. Stewart can obtain a transcript of this hearing.
14              MR. CLEMENTS:  All right.  If the Court please,
15   may I step in the other room to get my other non-digital
16   calendar for next year?
17              THE COURT:  Sure, that's fine.
18              MR. CLEMENTS:  Just a moment, please.
19              (Pause)
20              What date in January, Your Honor?
21              THE COURT:  I have January 5th at 2:00 o'clock or
22   January 12th.
23              MR. CLEMENTS:  Either is all right.
24              THE COURT:  All right.  Why don't we go ahead
25   with January 12th and that will be 2:00 o'clock.  And at
```

```
     Page                                                               15
 1   that point I think what we are doing is selecting a trial
 2   date.  Before that I will have a pretrial order that I will
 3   issue that will be sent to the parties.
 4            One other item, Mr. Clements, I wanted to make
 5   you aware of, is that there was a motion for an order to
 6   show.  I believe it was filed in the main case yesterday.
 7   Have you seen that motion?
 8            MR. CLEMENTS:  Your Honor, I have seen that
 9   motion and I left a message with your clerk that -- on
10   behalf of Mr. Robert Kvassay and the plaintiff trust that
11   they would like to file an application in opposition to --
12            THE COURT:  There's no need to do that.  I will
13   issue an order denying the request for issuance of an order
14   to show cause for the same reason that I stated on the
15   record at the beginning of my comments today.  There is
16   clearly no violation of the discharge injunction and the
17   motion, like much of the opposition in the motion for
18   summary judgment, reflects a real misunderstanding of the
19   discharge and the discharge injunction, so I will issue an
20   order without any need for further briefing or argument.
21            MR. CLEMENTS:  Did the Court wish an order on the
22   ruling that it is making today?
23            THE COURT:  I will prepare those orders.
24            MR. CLEMENTS:  Okay.  And, Your Honor, the one *in*
25   *limine* motion is simply to use duplicates of documents that
```

Page                                                                16

1   are in custody of the Superior Court.  That's the --
2           THE COURT:  Yeah, and I do understand that.
3   There was not a timely declaration in support of that
4   motion.  There was a some late filed documentation, so that
5   was one problem with the motion.  And also again, it really
6   seems that the motion is premature because it's essentially
7   anticipating an evidentiary objection to the use of copies
8   when there is no objection pending at this point.  So I
9   think that that's an issue that's going to have to be
10  resolved at trial.
11          MR. CLEMENTS:  All right.  I would advise the
12  Court that at the time of the prior pretrial the trial has
13  been calendared for October the 13th.  And so the
14  plaintiff's declaration and additional declarations have
15  already been filed with the Court.  I believe Mr. Stewart
16  has filed evidentiary objections to those.  The defendant's
17  declaration has been already filed and the day for the
18  plaintiff to file evidentiary objections was actually the
19  day of the hearing.  And the Court vacated the trial so
20  those evidentiary objections --
21          THE COURT:  All right.
22          MR. CLEMENTS:  -- have been filed.
23          THE COURT:  All right.  I will --
24          MR. CLEMENTS:  So with --
25          THE COURT:  I will review those and I will be in

```
Page                                                                17
 1  a position to rule at the trial -- at the start of trial.
 2              MR. CLEMENTS:  All right.
 3              THE COURT:  Okay.  All right.  I think that's it
 4  for today.  Mr. Clements, if you would please notice out
 5  the January 12th, 2:00 o'clock pretrial conference I would
 6  appreciate that and the Court will prepare the order on the
 7  matters on calendar today.
 8              MR. CLEMENTS:  We will profile the notice, Your
 9  Honor.
10              THE COURT:  All right.  Thank you very much.
11              MR. BROWN:  Your Honor -- Your Honor?
12              THE COURT:  Yes.
13              MR. BROWN:  Oh, this is Matthew Brown, one of the
14  attorneys for Robert Kvassay.  Since the Court is going to
15  be preparing the orders on the matters that were at court
16  today I just wanted to inquire will there be specific
17  findings in that order that, one, the state court judgment
18  is not void; and two, that there was no violation of the
19  discharge order in obtaining that judgment?
20              THE COURT:  The order will have -- will first
21  reference my oral comments at the hearing and will probably
22  have a summary ruling to that effect.
23              MR. BROWN:  Okay.  Thank you.
24              THE COURT:  All right.  Thank you very much.
25  (End at 2:51 a.m.)
```

```
Page                                                                  18
 1                   *   *   *   *   *   *   *
 2           I certify that the foregoing is a correct
 3   transcript from the electronic sound recording of the
 4   proceedings in the above-entitled matter.
 5
 6
 7   _____         Date:  11/30/2015
 8   RUTH ANN HAGER, C.E.T.**D-641
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```